IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA FERKEL, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 11-CV-09322 |
| | ) | |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) | Judge Edmond E. Chang |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR ENTRY OF PROTECTIVE ORDER**

Defendant the BOARD OF EDUCATION OF THE CITY OF CHICAGO files this Response in Opposition to Plaintiffs' Motion to Compel and for Entry of Protective Order (Docket #94) and states:

## INTRODUCTION

Plaintiffs move for entry of a protective order that deviates in significant and objectionable ways from this Court's Model Order. Among other things, their proposed order would: (1) permit use of the Board's confidential documents in other litigation; (2) permit Plaintiffs to give the Board's confidential documents to the Chicago Teachers Union ("CTU") and other non-parties; and (3) permit Plaintiffs to keep a set of the confidential documents produced in this case even after the litigation has ended. The Board is unaware of any Court which has previously entered Plaintiffs' proposed protective order. In contrast, the Board's proposed protective order (Exhibit A) has been entered in at least 13 other cases in this District. The Board respectfully requests that the Court enter the Board's proposed protective order. After a protective order has been

entered, the Board will produce its confidential documents to Plaintiffs within fourteen (14) days.

## BACKGROUND

**A.    Negotiations Concerning the Proposed Protective Order.**

On July 25, 2013, the Board sent Plaintiffs a draft protective order for review which is substantially similar to the order entered by 13 other Courts in this District. (Exhibit B). Plaintiffs failed to respond to the draft order until August 14, 2013. (Exhibit C). Instead of providing feedback on the Board's draft order, Plaintiffs sent a new proposed protective order of their own. (Exhibit C). Since that date, the parties have exchanged thoughts on the terms of an appropriate protective order in this case via e-mail and telephone, but have been unable to reach agreement. The Board disagrees with many of Plaintiffs' representations in the Motion concerning the facts underlying the history of this dispute. However, because those disagreements are not germane to the merits, the Board does not address them here.

**B.    The Board's Protective Order Closely Tracks the Model Protective Order.**

The Board's proposed protective order closely tracks the Court's Model Order. A redline showing the differences is attached as Exhibit D.[1] The substantive differences between the Model Order and the Board's proposed protective order are:

- The Board's order clarifies the definition of "Confidential Information" to include the types of information commonly found in discovery in Board cases, such as student records and personnel, medical and other private records of

---

[1] In some instances, the automated redline shows "differences" between the Model Order and the Board's proposed protective order which do not actually exist. In those instances, the Court will see the same language "stricken" in the redline is also present and unaltered in the redline.

current and former Board employees (Paragraph 2, a revision anticipated in footnote 2 of the Model Order).

- The Board's order provides a "good faith" component to an attorney's designation of a document as "confidential." (Paragraph 3(b)).

- The Board's order notes the parties will make reasonable efforts to protect student identities in the taking of depositions. (Paragraph 4).

- The Board's order disposes of the requirement that a party re-designate deposition testimony as "confidential" two weeks after receiving the transcript, providing that confidentiality designations made during a deposition are sufficient. (Paragraph 4).

- The Board's order provides, "Nothing in this Protective Order shall be deemed a waiver of any party's right to timely object to the discovery requests on any proper grounds." (Paragraph 8).

Otherwise, the Board's order tracks the Model Order. These sparing revisions to the Model Order's language are necessary due to the unique nature of confidential information the Board possesses—specifically, that involving non-party students and current or former employees—as explained in more detail below.

C. **Numerous Northern District of Illinois Courts Have Entered the Board's Protective Order; No Court is Known to have Entered Plaintiffs' Proposed Order.**

The protective order proposed by the Board has been entered in a number of other cases in the Northern District of Illinois. Specifically, in the following cases, the judges noted have entered the Board's protective order in substantially similar form to that proposed here: *Aguilera*, 11-9241 (Judge Kendall); *Cooksey*, 12-7180 (Judge Lefkow); *Elmore*, 12-7531 (Judge Der-Yeghiayan); *Garcia*, 12-9499 (Judge Norgle); *Hall*, 12-4063 (Magistrate Cox); *Miller*, 11-8727 (Judge Zagel); *Milloy*, 12-4368, (Judge Shadur, with additional inclusions by Judge Shadur); *Mixon*, 12-562 (Judge Lee); *Nelson*, 12-9838 (Judge Zagel); *Ortega*, 11-08477 (Judge Durkin); *Ortiz*, 11-9228 (Magistrate Kim); *Waddy*, 10-6158

(Magistrate Brown); and *Woodman*, 12-9695 (Magistrate Schenkier). In contrast, counsel for the Board asked Plaintiffs' counsel to identify any cases in which Plaintiffs' proposed protective order has been entered; counsel did not respond.

## ARGUMENT

For the reasons set forth below, the Court should enter the Board's proposed protective order and deny Plaintiffs' Motion.

**A.      The Board's Proposed Protective Order Is Reasonable, Effective and Appropriate.**

The following are the Board's explanations for the few deviations between its proposed protective order and the Model Order:

- *The Board's order clarifies the definition of "Confidential Information" to include the types of information commonly found in discovery in Board cases, such as student records and personnel, medical and other private records of current and former Board employees (Paragraph 2, a revision anticipated in footnote 2 of the Model Order).*

The Board's order defines the following information as confidential, which varies from the definitions provided in the Model Order:

> (a) information prohibited from disclosure by statute, including the Illinois Personnel Records Review Act, 820 ILCS 40/0.01, *et seq.*, the Illinois Freedom of Information Act, 5 ILCS 140/1, *et seq.*, as amended, and the Illinois School Student Records Act, 105 ILCS 10, *et seq.*; (b) information in personnel files, disciplinary files, grievance files, histories and confidential information in the files generated by the investigation of complaints of former or current Board employees; (c) any and all school documents or student records by which any current or former student of the Chicago Public Schools may be individually identified; (d) medical information concerning any individual; (e) personal identity information, including social security numbers, dates of birth, family information of current and former Board employees, and residential information of Board employees; (f) financial information, including income tax returns schedules and attachments; or (g) personnel or employment records of a person who is not a party to the case. Such information includes, but is not limited to, private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave, disciplinary, financial, benefits, medical or other information that is

4

of a sensitive or non-public nature regarding plaintiff, defendants, non-party witnesses, and non-party employees of the Board.

This definition of confidential information is designed to more closely align with the types of information that may be discovered in cases involving the Board, as well as the statutory requirements concerning Board records. This includes, but is not limited to, confidential information in personnel and student records pertaining to non-parties such as students and current or former employees of the Board.

- *The Board's order provides a "good faith" component to an attorney's designation of a document as "confidential." (Paragraph 3(b)).*

This language is intended to reduce disputes over confidentiality designations by requiring the attorneys making such designations to exercise good faith.

- *The Board's order notes the parties will make reasonable efforts to protect student identities in the taking of depositions. (Paragraph 4).*

This provision is necessary because student identities and other student information often come into play in Board cases. Student information is protected under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. Section 1232g and pursuant to state law.

- *Because the most common confidential information in Board cases involves that of third parties such as students or non-party employees or former employees, as opposed to that of the Board itself, the Board's order disposes of the requirement that a party re-designate deposition testimony as "confidential" two weeks after receiving the transcript, providing that confidentiality designations made during a deposition are sufficient. (Paragraph 4).*

The basis for this tweak to the Model Order is the Board's belief that the non-parties whose confidential information is at issue should not be punished by any technical failure by a Board lawyer to designate deposition testimony as confidential for a second time. The

5

Board believes the initial designation during a deposition should be sufficient to maintain protection under the protective order. If the other party believes the designating party has over-designated deposition testimony as confidential, the protective order contains remedies for that.

- *The Board's order provides, "Nothing in this Protective Order shall be deemed a waiver of any party's right to timely object to the discovery requests on any proper grounds." (Paragraph 8).*

The Board uses this language to clarify that the protective order does not foreclose a party's right to make appropriate objections to discovery requests.

B.  **Plaintiffs' Proposed Order Deviates from the Model Order in Significant and Inappropriate Ways, Defeating the Purpose of a Protective Order.**

Plaintiffs' proposed protective order contains numerous substantive deviations from the Model Order. The following chart, which is not intended to be all-inclusive, shows the <u>most objectionable</u> ways in which Plaintiffs' proposed order deviates from the Model Order:

| Deviation from Model Order | Reason for Board Objection |
|---|---|
| Adds language allowing confidential information to also be used "in other proceedings or litigation involving one or more of the parties" to Paragraph 5(a) of the Model Order. Also, in Attachment A to the protective order, Plaintiffs seek to add language which would permit use of confidential documents from this case in "litigation or proceedings involving any of the parties." | This defeats the purpose of a protective order, which is to limit use of the confidential information to the case at hand. |
| Plaintiffs want to disclose confidential information to "agents" of counsel, not just counsel and its employees, as set forth in Paragraph 5(b)(1) of Plaintiffs' proposed order. | Plaintiffs have explained during the parties' conferences about the protective order that they believe this language may entitle them to reveal confidential information to the CTU (Chicago Teachers Union), which is not a party to this litigation. The Board opposes any provision authorizing disclosure of confidential information to the CTU or other third parties not encompassed by Paragraph 5(b) of the |

| Deviation from Model Order | Reason for Board Objection |
|---|---|
| | Model Order. |
| Plaintiffs want to expand the "parties" who may receive confidential information to include "former employees" in Paragraph 5(b)(2) of Plaintiffs' proposed order. | Former employees are no longer in control of a party and it is inappropriate for them to have access to confidential information under those circumstances. |
| Plaintiffs want to delete the Model Order language of Paragraph 5(b)(2) which limits disclosure of confidential information to parties and employees "only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed." | The Board feels the "good faith" requirement is necessary, in part because a number of documents produced by the Board in this litigation will never before have been seen by a plaintiff, were not authored by any plaintiff, will not pertain to any specific plaintiff and no plaintiff will have reason to review such documents. |
| Plaintiffs want to allow disclosure of confidential information to "consultants, investigators, or experts" they utilize, who may not be employed by Plaintiffs, as set forth in Paragraph 5(b)(6) of Plaintiffs' proposed order. This is an addition not found in the Model Order. | Plaintiffs have explained during the parties' conferences about the protective order that they believe this language may entitle them to reveal confidential information to the CTU, which is not a party to this litigation. The Board opposes any provision authorizing disclosure of confidential information to the CTU or other third parties not encompassed by Paragraph 5(b) of the Model Order. |
| Plaintiffs want to allow witnesses to review confidential information not just during depositions (as provided in the Model Order), but also "in preparation for their depositions or testimony at trial or hearing" and want such witnesses to retain copies of confidential documents "as needed for their testimony, trial or pretrial preparation," as well as copies of all exhibits marked at their depositions, not limited to the purpose of transcript review. These changes are found in Paragraph 5(b)(7) of Plaintiffs' proposed order. | The Board is concerned that allowing witnesses to retain possession of confidential information for an extended, non-defined period of time will increase the chance that such information will be used or disclosed in a manner contrary to the spirit of the protective order. The "as needed" language is extremely vague and provides virtually no limit on the parties' ability to reveal confidential documents to anyone they might label as a "witness." |
| Plaintiffs want to permit "Anyone who is authorized to view Confidential documents or information" to "discuss and communicate about the Confidential documents and information with anyone else who is also authorized to view Confidential documents and information." This change is found in Paragraph 5(b)(12) of Plaintiffs' proposed order. | The Board is concerned with the practical implications of this provision because it will increase the chance that confidential information will be disclosed. For instance, allowing individual plaintiffs to communicate with each other about confidential documents outside their communications with counsel exponentially increases the chances of confidential information being revealed to those who are not entitled to access it. |

| Deviation from Model Order | Reason for Board Objection |
|---|---|
| Following the litigation, Plaintiffs want to keep a complete set of all confidential documents produced, which is not contemplated by the Model Order. This change is found in Paragraph 14(c) of Plaintiffs' proposed order. | Use of confidential information after the litigation has ended should be barred and there is no need for any counsel to maintain a copy of it after the litigation has concluded. |
| Adds "or that have been tendered to third parties" to Paragraph 2 of the Model Order. | That the Board may have produced the documents in another case (also under a protective order) does not remove the entitlement of such documents to confidentiality protection. Additionally, it would be unduly burdensome for the Board to ascertain for every document produced in this case whether and under what circumstances it was produced in other litigation. |
| Includes Alternative A to Paragraph 4 of the Model Order, regarding waiving deposition designations of confidential information if the information is not re-designated as confidential within fourteen days after delivery of the deposition transcript. | As the Board explains above, the Board does not believe this provision is appropriate in a protective order in this case because so much of the confidential information in Board documents pertains to non-parties such as students and current and former Board employees. It is not fair to penalize those non-parties with the disclosure of their confidential information if a technical mistake occurs when a party fails to "re-designate" information as confidential which has already been so designated in a deposition. |

The Board will be prepared to discuss these and other, less significant, disagreements with Plaintiffs' proposed protective order at the October 3, 2013, status, as requested in the Court's Order of October 1, 2013. In short, however, the fact that Plaintiffs' proposed protective order language does not appear to have been entered in a single other case in this District is indicative of the inappropriateness of Plaintiffs' proposed language.

## CONCLUSION

Based on the foregoing, the Board respectfully requests that the Court enter the Board's proposed protective order, deny Plaintiffs' motion and grant the Board all other relief to which it may be entitled.

Respectfully submitted,

JAMES L. BEBLEY
General Counsel

By: s/*Lisa A. Dreishmire*
Lisa A. Dreishmire
Patricia J. Kendall
Board of Education of the City of Chicago
Law Department, 125 S. Clark Street, Ste. 700
Chicago, IL 60603
(773) 553-1700

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing Motion to be sent to all attorneys of record via the Court's electronic notification system on October 2, 2013.

s/*Lisa A. Dreishmire*
Lisa A. Dreishmire

9