**IN THE UNITED STATES DISTRICT COURT**
**FOR NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BARBARA FERKEL and ADRIENNE GREEN-KATIEN, individually and on behalf of all similarly situated persons, | ) ) ) ) | Case No. 11 C 9322 |
| Plaintiffs, | ) ) ) | Judge Edmond Chang Magistrate Judge Daniel Martin |
| v. | ) ) ) | |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFFS' MOTION TO CLARIFY ORDER**
**OF MAY 28, 2014 REGARDING CAUSATION STANDARD**

**NOW COME** Plaintiffs, by and through their undersigned counsel, pursuant to Fed. R.

Civ. P. Rule 54(b), and hereby request clarification of the Court's Order of May 28, 2014

regarding the causation standard applicable to Plaintiffs' due process claims. Dkt. 180. For the

reasons that follow, the Motion should be granted.

1.      In its Order of May 28, 2014, the Court *inter alia* denied Defendant's Motion to

Dismiss Count II, and held that Plaintiffs have stated a due process claim based on Section 34-84

of the Illinois School Code. 105 ILCS 5/34-84. The Order includes language that suggests

Plaintiffs will have the burden of proving that their terminations were "solely" and/or

"exclusively" for performance-based reasons as opposed to economic reasons and that

"budgetary restrictions" "in no way" drove the terminations. Dkt. 180, at 16, 19. The Parties'

briefing on the motion to dismiss did not address the issue of the proper causation standard

applicable to the due process claims. Plaintiffs are concerned that the language used in the Order

will become the law of the case going forward with respect to Plaintiffs' burden though the Parties have not had opportunity to brief the issue. Therefore, to the extent the language in the Court's Order requires Plaintiffs to prove they were terminated "solely" or "exclusively" for performance based reasons and / or that "economics" or budget considerations were not a factor, Plaintiffs respectfully request that the Order be modified to clarify that "sole cause" is not the proper standard under Supreme Court and Seventh Circuit law. Plaintiffs request this clarification as a means to streamline the issues going forward and to preserve Plaintiffs' objection to any "sole cause" causation requirement that appears in any portion of the Order.

## LEGAL STANDARD

2.      Rule 54(b) of the Federal Rules of Civil Procedure provides, "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed.R.Civ.P. Rule 54(b); *Galvan v. Norberg,* 678 F.3d 581, 587 n.3 (7th Cir. 2012) ("Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of judgment"). Motions to revise an interlocutory ruling under Fed.R.Civ.P. Rule 54(b) are governed by the "law of the case" doctrine, and this doctrine is highly flexible when a court is asked to reconsider its own ruling.  *Starks v. City of Waukegan*, 946 F. Supp. 2d 780, 801 (N.D.Ill. Aug. 16, 2013) (reconsidering order dismissing count from complaint under Fed.R.Civ.P. Rule 54(b)), *citing, Pickett v. Prince,* 207 F.3d 402, 407 (7th Cir. 2000).

3.      Plaintiffs do not use this Motion to rehash previously rejected arguments, or to have a "second bite at the apple," which is inappropriate on reconsideration. *Ahmed v. Ashcroft,*

388 F.3d 247, 249 (7th Cir. 2004). To the contrary, the sole purpose of this Motion is to clarify the Court's comments on causation and to preserve Plaintiffs' objection to the language implying a "sole cause" causation requirement in portions of the Order. Significantly, this issue was not briefed during the pendency of the Motion to Dismiss.

## ARGUMENT

4.       In denying Defendant's Motion to Dismiss Count II, the Court appears to have held that Plaintiffs' due process claims hinge upon whether their discharges were motivated for performance-based reasons:

> As this case law distinguishing discharges and layoffs makes clear, it is then very important to determine whether a tenured teacher's termination **was motivated by a performance-based reason or an economic one**. The difference determines whether process is "due" to that teacher. **If the reasons driving** a layoff are economic, the Board can consider employee performance and qualifications when deciding whom to lay off. Indeed, section 34-18(31) envisions that these factors would be relevant if the Board formerly adopted layoff procedures. But if the Board is targeting a tenured teacher solely for performance issues, the teacher has a protected property interest under section 34-84 and is entitled to due process.

Dkt. 180, at 16 (emphasis added).

5.       Later in the opinion, the Court also stated Plaintiffs must prove that they were "exclusively" terminated for performance-based reasons, and the budgetary crisis played no role at all:

> Moreover, it will be Plaintiffs that bear the burden of actually proving that the Board really terminated them for **exclusively performance-based reasons** and not because of the budgetary crisis. In other words, without Rule 12(b)(6)'s light-most-favorable lens, Plaintiffs must either prove that the Board's reported budget crisis was truly a sham or that their own terminations were **in no way driven** by the Board's budgetary restrictions.

Dkt. 180, at 19 (emphasis added).

6.       Respectfully, based on these passages, Plaintiffs submit that the Court's Order has

articulated several discrete burdens of proof which are potentially applicable to this case: (1) motivating factor ("was motivated by a performance-based reason or an economic one"); (2) "but for" causation ("If the reasons driving a layoff are economic"); and/or (3) "sole cause" causation ("Plaintiffs [] bear the burden of actually proving that the Board really terminated them for exclusively performance-based reasons and not because of the budgetary crisis."). Dkt. 180, quoted above. Because this Order will become the "law of the case" going forward, Plaintiffs respectfully request the Court clarify that sole cause is not a burden of proof standard that applies to this case.

7.       Courts have grappled with the proper causation standard in section 1983 actions and employment cases. As the Seventh Circuit has noted, the causation element has "seemed to be in a state of transition in federal courts," resulting in some tension between the cases and leaving district courts "puzzled" over what standard to apply. *Kidwell v. Eisenhauer*, 679F.3d 957, 965 (7th Cir. 2012). As follows, recent controlling authority from the U.S. Supreme Court and the Seventh Circuit have clarified the proper causation standard. *Burrage v. United States*, __ U.S. __, 134 S. Ct. 881, 887-888; 187 L. Ed. 2d 715, 723-724; 2014 U.S. LEXIS 797 (2014); *Mays v. Springborn*, 719 F.3d 631, 634 (7th Cir. 2013).

8.       Neither section 1983 nor Section 34-84 of the Illinois School Code set forth a "sole cause" standard, and Plaintiffs are unaware of case law that imposes a "sole cause" standard. Indeed, recently the Seventh Circuit has held that it was error to give a jury instruction that required the jury to find "sole cause" in a section 1983 case. *Mays v. Springborn*, 719 F.3d 631, 634-635 (7th Cir. 2013) (jury instruction which stated, "in order to prevail on his claim of retaliation, the plaintiff must prove that the grievances filed by the plaintiff were the sole cause

of the particular strip search" was error).

9.      Section 34-84 of the Illinois School Code does not contain any specific language on causation, i.e., it does not say what Plaintiffs must prove to show their terminations were the result of performance-based, and non-economic, considerations.  105 ILCS 5/34-84.  The statute does not require Plaintiffs to show "sole cause" causation with respect to this issue, nor is that requirement set forth in the text of Section 1983.  In fact, if a tenured teacher is terminated with performance being a motivating factor, that issue proceeds to a due process hearing whether or not the School District relies on other reasons or factors.

10.     Therefore, Plaintiffs respectfully submit that their burden is not to show "sole cause."  Courts have consistently held that unless a statute provides otherwise, demonstrating "but-for causation" is part of the plaintiff's burden in suits under federal law.  *Burrage v. United States*, __ U.S. __, 134 S. Ct. 881, 887-888; 187 L. Ed. 2d 715, 723-724; 2014 U.S. LEXIS 797 (2014) (Where there is no textual or contextual indication to the contrary, courts regularly read phrases like "results from" to require but-for causality); *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 177, 129 S. Ct. 2343, 2350, 174 L. Ed. 2d 119, 129 (2009); *Serwatka v. Rockwell Automation Services, Inc*., 591 F.3d 957, 961-62 (7th Cir. 2010) (stating, unless a statute provides otherwise, demonstrating "but for" causation is part of the plaintiff's burden in all suits under federal law); *Serafinn v. Local 722, International Brotherhood of Teamsters,* 597 F.3d 908, 915 (7th Cir. 2010).

11.     Another issue not briefed by the Parties is whether this case is controlled by the Supreme Court's *Mt. Healthy* decision, under which the burden of proof relating to causation is divided between the parties.  *Mt. Healthy Board of Education v. Doyle*, 429 U.S. 274, 97 S. Ct.

568, 50 L. Ed. 2d 471 (1977). The Seventh Circuit has held that this standard was not

overturned by *Gross*, and continues to apply in cases under Section 1983. *Greene v. Doruff*,

660 F.3d 975, 977-979 (7th Cir. 2011).

       12.     In any case, the law is clear that Plaintiffs are not required to establish "sole

cause" causation, regardless of whether the *Mt. Healthy* shifting-burden standard applies. *Gross*,

577 U.S. at 176 (stating "because of age" means that age had "a determinative influence on the

outcome"), *citing, Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610, 113 S. Ct. 1701, 123 L. Ed.

2d 338 (1993); *Burrage*, 134 S.Ct. at 888 (analogizing "but for" cause to the "straw that broke

the camel's back"); *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273; 96 S. Ct. 2574; 49

L. Ed. 2d 493 FN 10 (1976) ("The use of the term "pretext" in this context does not mean, of

course, that the Title VII plaintiff must show that he would have in any event been rejected or

discharged solely on the basis of his race, without regard to the alleged deficiencies; as the

closing sentence to the quoted passage makes clear, no more is required to be shown than that

race was a "but for" cause."); *Jones v. Okla. City Pub. Sch*, 617 F.3d 1273, 1277-78 (10th Cir.

2010) (establishing "but for" causation does "not require[] [plaintiffs] to show that age was the

sole motivating factor in the employment decision. Instead, an employer may be held liable

under the ADEA if other factors contributed to its taking an adverse action, as long as "age was

the factor that made a difference.") (citations and quoted source omitted); *Mays v. Springborn*,

719 F.3d 631, 634 (7th Cir. 2013) (stating in First Amendment action that jury instruction which

stated, "in order to prevail on his claim of retaliation, the plaintiff must prove the grievances *filed*

by the plaintiff were the sole cause of the particular strip search" was error); *Greene v. Doruff*,

660 F.3d 975, 977 (7th Cir. 2011) (defining "but for" cause as a "necessary condition", as in "'but

for *X, Y* would not have occurred': *X* is a necessary condition of *Y*")).

13.     Plaintiffs respectfully submit that the determination of whether *Mt. Healthy*

applies may be made at a later point in the case, i.e., at the jury instruction conference.  At this

time, Plaintiffs simply request that the Court clarify that the "sole cause" burden does not

control, and that burden should not become the law of the case.

14.     Plaintiffs can and will prove their discharges were <u>not</u> due to economic layoffs

caused by the budget crisis.  Plaintiffs intend to present to the jury that the real reason for

Principal Hoffman's decisions was his desire to terminate Plaintiffs and replace them with

younger, non-tenured teachers whom he wrongly perceived to be more qualified and that their

alleged "performance based" reasons were a proxy for age and avoidance of due process  To this

end, Hoffman manufactured a set of bogus endorsement requirements, which were performance-

based.  He applied these requirements rigidly to the Plaintiffs, but leniently (if at all) to the

younger, non-tenured teachers. If tenure is to have any meaning at all, then Plaintiffs should have

been given an opportunity to rebut Hoffman's bogus claims before they were summarily

terminated.  If these were true economic layoffs, Plaintiffs would not have been immediately

replaced by younger less experienced teachers.

15.     It is true that Plaintiffs' terminations occurred on the heels of mass layoffs at CPS

which began in June 2010, and it was widely reported that these layoffs were caused by a budget

shortfall.  Although this crisis was not the cause of Plaintiffs' terminations, it provided cover for

Hoffman to carry out his plan and was the context in which he made his decisions.

16.     Plaintiffs should be permitted to explain that the purported budgetary crisis was

the *backdrop* to their terminations, that it may have been used as a *pretext* by Hoffman, without

the risk of a fact finder concluding that the terminations were therefore not "exclusively" performance-based. As set forth above, the relevant statutes and case law do not require plaintiffs to prove that the economic conditions played absolutely no role or were not factors, even for instance as background, in their terminations, and such a requirement should not be imposed in this case.

17.     Therefore, Plaintiffs submit that imposing a "sole" or "exclusive" cause requirement, especially where Plaintiffs have not been afforded the opportunity to brief the issue, is contrary to law, and the Order should therefore be clarified and/or modified to reflect sole causation is not the law of the case

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, Plaintiffs respectfully request the Court clarify its Order, and modify the Order to remove any requirement that Plaintiffs show that they were terminated "solely" or "exclusively" for performance-based reasons or that economic factors played no role in the decisions, in order  to prove their due process claims.

Respectfully submitted,

/s/ Robin Potter_____
One of Plaintiffs' Attorneys

Robin Potter, Esq.
Matthew Farmer, Esq.
M. Nieves Bolaños, Esq.
Robin Potter & Assoc., P.C.
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
312-861-1800
robin@potterlaw.org
matt@potterlaw.org
nieves@potterlaw.org

<u>**CERTIFICATE OF SERVICE**</u>

      The undersigned hereby certifies that a true and correct copy of the above and foregoing **PLAINTIFFS' MOTION TO CLARIFY ORDER OF MAY 28, 2014 REGARDING CAUSATION STANDARD** was served upon all parties listed below by e-filing this 25th day of June 2014 using the Court's CM/ECF system.

Lisa A. Dreishmire, Esq.

Patricia Kendall, Esq.

Board of Education of the City of Chicago

125 South Clark Street Suite 700

Chicago, IL 60603

By:    <u>/s/ Robin Potter</u>

           Robin Potter