UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Barbara Ferkel, Adrienne Green-Katien, Charles Saporito, Craig Johnson, Mishela Torres-Riley, and Francisco Otero, individually and on behalf of all similarly situated persons,<br><br>  Plaintiffs,<br><br>  v.<br><br>Board of Education of the City of Chicago,<br><br>  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 11 C 09322<br><br>Judge Edmond E. Chang |

**ORDER**

On May 28, 2014, the Court dismissed Plaintiffs' Illinois breach-of-contract claim and all but one of their due-process claims against the Chicago Board of Education. R. 180, Opinion at 19-20, 25.[1] In the reconsideration motion [R. 190] now in front of the Court, Plaintiffs ask for clarification on their narrowed due-process claim and propose a specific legal standard to govern the claim. Although the Court does provide clarification, the Court rejects Plaintiffs' proposal and denies the motion.

**I. Legal Standard**

Federal Rule of Civil Procedure 54(b) states that a court may reconsider an interlocutory ruling "at any time before the entry of judgment adjudicating all the

---

[1]The Court's subject matter jurisdiction over this case is now based solely on 28 U.S.C. § 1331. Plaintiffs also have a pending age-discrimination claim against the Board under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* In this Order, the Court assumes that the reader is familiar with the more complete version of the facts provided in the May 2014 Opinion. *See* Opinion at 2-4.

claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Motions for reconsideration serve the narrow purpose of presenting newly discovered evidence or correcting manifest errors of law or fact. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). A motion to reconsider is proper when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). But a motion for reconsideration "does not provide a vehicle for a party to . . . advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (internal quotation marks and citation omitted).

## II. Analysis

At bottom, the issue Plaintiffs raise in their motion is based on a mistaken premise. Plaintiffs request clarification about "the causation standard applicable to Plaintiffs' due process claims." R. 190, Pls.' Br. at 1. The answer is quite simply that there is *no* causation standard for their due-process claim.

The prior Opinion explained that, under Illinois law, tenured teachers do not have a property interest in their continued employment that shields them from an economic layoff. *See* Opinion at 15 (citing *Land v. Bd. of Educ.*, 781 N.E.2d 249, 256 (Ill. 2002)). The Court therefore held that Plaintiffs' narrowed due-process claim "is based solely on Plaintiffs' allegations that they were terminated for cause, not for

2

economic reasons, and that they have a protected property interest only under section 34-84 of the Illinois School Code." *Id.* at 19. The Court also stated that, going forward, "it will be Plaintiffs that bear the burden of actually proving that the Board really terminated them for *exclusively* performance-based reasons and not because of the budgetary crisis." *Id.* (emphasis added). This means that "Plaintiffs must either prove that the Board's reported budget crisis was truly a sham or that their own terminations were *in no way* driven by the Board's budgetary restrictions." *Id.* (emphasis added).

In addition to the "exclusively performance-based reasons" and "in no way driven by" language above, Plaintiffs' confusion arises from one other passage in the Opinion that uses more understated causation-type language. *See* Pls.' Br. at 3. The Opinion also explained that it is "very important to determine whether a tenured teacher's termination was *motivated by* a performance-based reason or an economic one," and that "[i]f the reasons *driving* layoff are economic, the Board can consider employee performance and qualifications when deciding whom to lay off." Opinion at 16 (emphasis added). To summarize, Plaintiffs' confusion understandably arises from three different categories of causation language that they identify in the Opinion:

> (1) motivating factor ("was motivated by a performance-based reason or an economic one"); (2) "but for" causation ("If the reasons driving a layoff are economic"); and/or (3) "sole cause" causation ("Plaintiffs [] bear the burden of actually proving that the Board really terminated them for exclusively performance-based reasons and not because of the budgetary crisis.").

3

*See* Pls.' Br. at 4. Plaintiffs' ultimate request is that the Court clarify that "sole cause" is not the burden of proof that they carry going forward. *See id.* at 2, 4, 7. But it turns out that "causation" is not really at issue in the due-process claim.

There are two central questions when analyzing a procedural due-process claim: (1) whether the plaintiff was deprived of a protected property interest, and if so, (2) what process is due. Generally, state law answers the first question, while federal law answers the second. *See Goros v. Cnty. of Cook*, 489 F.3d 857, 859 (7th Cir. 2007). The Opinion concerned only the first question: whether Plaintiffs' complaint alleged facts supporting that they had a protected property interest. This question does not contain a causation requirement. Indeed none of the due-process cases[2] that either party relies on in this current round of briefing applies a particular causation standard to this threshold due-process question. Instead, looking to state law, the question is whether Plaintiffs have a property interest, yes or no? The Court used causation-type language when it articulated this requirement in the Opinion, but it did not intend to impose any particular causation standard on Plaintiffs going forward. Instead, all the Court meant was that Plaintiffs' terminations were either part of the economic layoff or they were not. And in order

---

[2]Plaintiffs suggest that federal courts have been "puzzled" over the proper causation standard to apply in § 1983 and employment cases generally. Pls.' Br. at 4. But the cases they cite that deal with this "puzzle" are not procedural due-process cases and therefore have little relevance to the question facing the parties in this lawsuit. *See Burrage v. United States*, 134 S. Ct. 881, 887-88 (2014) (analyzing the causation standard applicable to the penalty-enhancement provision in the Controlled Substances Act); *Mays v. Springborn*, 719 F.3d 631, 634 (7th Cir. 2013) (analyzing causation in a First Amendment retaliation case); *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012) (same). In fact, Plaintiffs' opening brief cites no cases dealing with procedural due-process issues. *See* R. 205, Def.'s Resp. Br. at 5.

to establish that they were entitled to due process, Plaintiffs have the burden showing that they were terminated for cause and that they did not lose their jobs in the economic layoff.

The Board asserts that the correct way to analyze this question is under a line of public-employment cases recognizing a "reorganization exception" to due-process claims. *See* Def.'s Resp. Br. at 3-4. In this line of cases, the Seventh Circuit has recognized that "[w]hen a government eliminates an employee's position in connection with a 'legitimate governmental reorganization,' . . . the employee is not entitled to notice or a hearing." *Schulz v. Green Cnty., State of Wis.*, 645 F.3d 949, 952 (7th Cir. 2011) (quoting *Misek v. City of Chicago*, 783 F.2d 98, 100-01 (7th Cir. 1986)). *Schulz* explained that "an employee only has a protected property interest in a *given position*—not in her employment generally or a particular wage—and once the government abolishes the position, the employee has nothing in which she can claim an entitlement." *Id.* (emphasis in original). In other words, a reorganization "simply eliminates the employee's property interest." *Id.*

Although the Illinois Supreme Court did not reference the "reorganization exception" directly, its recent opinion in *Chicago Teachers Union, Local No. 1 v. Board of Education of the City of Chicago*, 963 N.E.2d 918 (Ill. 2012), spoke in very similar terms. It explained that section 34-84 of the Illinois School Code does not provide a substantive right to tenured teachers to be rehired after an economic layoff. *Id.* at 925; *see also Land*, 781 N.E.2d at 256 ("[I]t has long been established that among the unenumerated powers of the Board was the authority to lay off

5

employees in good faith for lack of work or purposes of economy." (internal quotation marks and citation omitted)). And although the Illinois Supreme Court dealt only with *post*-termination process in the *Chicago Teachers Union* case, the Seventh Circuit recently confirmed that the same rationale also applies to *pre*-termination process. *See Price v. Bd. of Educ. of City of Chi.*, 755 F.3d 605, 609 (7th Cir. 2014). Therefore, just as a "legitimate governmental reorganization" eliminates public employees' property interest in their positions, so too do tenured teachers lose their property interest in continued employment when they lose their jobs in an economic layoff.

As the Opinion noted, however, discovery is needed to test whether Plaintiffs lost their jobs in an economic layoff. Plaintiffs can still establish that they have a protected property interest by either "prov[ing] that the Board's reported budget crisis was truly a sham or that their own terminations were in no way driven by the Board's budgetary restrictions." Opinion at 19. The reorganization cases similarly recognize that a plaintiff can "challeng[e] the legitimacy of the reorganization." *Schulz*, 645 F.3d at 953. To do this, the plaintiff must demonstrate that "the reorganization was pretextual, designed to harm a specific employee rather than in spite of her or with indifference to its effects on her." *Id.* Another option, of course, is to show that the reorganization never actually took place. *Misek*, 783 F.2d at 101. Here, then, Plaintiffs must either show that there was no budgetary crisis or reorganization or, alternatively, that Principal Hoffman used the budgetary crisis

as a pretext for terminating their employment for purported cause.[3] In short, Plaintiffs have to show that their layoffs were not part of the Board's budgetary crisis.

In their reply brief, Plaintiffs argue that the existence of a reorganization or a reduction in force does not insulate the Board from having to provide due process to its employees. *See* R. 209, Pls.' Reply Br. at 3-4. But none of the cases that Plaintiffs cite in support of this argument have any bearing on the issue facing the Court in this case—that is, whether Plaintiffs have a protected property interest. In *Lalvani v. Cook County*, the question was not whether a property interest existed; that first element of the due-process test was already satisfied. *See* 396 F.3d 911, 913-14 (7th Cir. 2005). Instead, the question was, given that the plaintiff's employer had deprived him of that right, did he receive the process that was due to him—the *second* element of the due-process test. *Id.* at 915-16; *see also Flory v. Mays*, No. 06 C 3523, 2007 WL 4232781, at *7-8 (N.D. Ill. Nov. 26, 2007) (holding that there were sufficient facts to support that the plaintiff had a property interest in her employment and then going on to analyze the "type of process that is due"). In contrast, the clarification that Plaintiffs seek in their reconsideration motion is not

---

[3]The Board suggests in a footnote that, to establish liability against the Board, Plaintiffs must also satisfy the requirements set out in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Def.'s Resp. Br. at 3 n.1. The Court will not address that issue here. The Board's motion to dismiss did not discuss the applicability of *Monell*, the Opinion also did not discuss it, and Plaintiffs did not raise the issue in their motion for reconsideration. Although it was not unreasonable for the Board to flag the issue for Plaintiffs, it is an issue for another day. For now, the Court assumes for purposes of this reconsideration motion only that Principal Hoffman had final policymaking authority for *Monell* purposes. *See Ball v. City of Indianapolis*, No. 13-1901, 2014 WL 3673466, at *5 (7th Cir. July 25, 2014).

about how they can demonstrate what process is due, but instead how they can show that they are entitled to any process at all in the first place.

Finally, in addition to asking for clarification on the correct causation standard, Plaintiffs also ask whether a burden-shifting analysis under *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977), will apply to their due-process claim. *See* Pls.' Br. at 5-6. This question is similarly not applicable. The substantive standard that applies here—do Plaintiffs have a protected property interest?—requires the Court to push aside this First Amendment standard for retaliation cases. In the First Amendment context, a plaintiff's layoff could be motivated in part because of their protected conduct, in violation of the First Amendment. But here, there is no room to argue that a layoff was "in part" economic. Either the Board was facing a budgetary crisis that resulted in economic layoffs, or there was not. And if a bona fide budget crisis did prompt the Board to lay off teachers, Plaintiffs could still prevail in demonstrating that they had a protected property interest if they can demonstrate that their own terminations were either not part of that layoff or that the economic layoff served as a pretext for their own layoffs. In short, because of the substantive standard that applies to Plaintiffs' due-process claim, a *Mt. Healthy*-style burden-shifting analysis is not applicable.

In short, Plaintiffs either lost their jobs in an economic layoff or they did not. In order to show that they were entitled to due process, it is their burden to show that they did not.

8

### III. Conclusion

For the reasons stated above, Plaintiffs' motion for reconsideration [R. 190] is denied. The status hearing set for August 19, 2014, remains in place. As suggested in the magistrate judge's most recent minute entry [R. 208], the parties should be prepared to discuss whether they would like to expand the referral to the magistrate judge to include settlement proceedings. Of course, the Court strongly encourages the parties to consider the benefits of settling this litigation.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 18, 2014